UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-80-F

| | |
|---|---|
| NORMAN H. SHACKLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| GREENVILLE POLICE CHIEF HASSAN ) | |
| ADEN, both in personal and official ) | |
| capacities, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon the Motions to Dismiss [DE-12; DE-18] filed by Defendants Greenville Police Chief Hassan Aden, Greenville Police Officers Matthew McKnight, Grimsley, and LeCompte, and the City of Greenville (collectively, "the Greenville Defendants"). Also before the court is Plaintiff Norman H. Shackley, Jr.'s Motion to Dismiss his claims against Defendant Chris Fidler [DE-34]. For the reasons stated herein, the Motion to Dismiss the Original Complaint is DENIED as moot, the Motion to Dismiss the Amended Complaint is DENIED in part, and the Motion to Dismiss the claims against Chris Fidler is ALLOWED.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a Complaint [DE-1] in this court on March 22, 2013, alleging three claims under § 1983 arising from various actions of Greenville City police officers. The Greenville Defendants responded by filing a Motion to Dismiss [DE-12] the Complaint on the basis of lack of jurisdiction, insufficient process, insufficient service of process, and failure to state a claim.

Plaintiff promptly filed an Amended Complaint [DE-15], which reiterates much of the

original Complaint, but adds a claim against Defendant Chris Fiddler, a North Carolina Department of Revenue Agent. The Greenville Defendants again moved to dismiss the Amended Complaint [DE-18].

Plaintiff thereafter responded to the motion to dismiss the original complaint [DE-28], and the Greenville Defendants filed their reply [DE-29]. Plaintiff then filed a response to the motion to dismiss the amended complaint [DE-30]. Plaintiff then filed a Motion to Dismiss [DE-34] his claims against Defendant Fidler.

On August 30, 2013, Plaintiff's counsel, David Sutton, filed a motion to withdraw as counsel in this matter [DE-34] which this court allowed [DE-36]. The court directed Plaintiff to file a notice of his intention to proceed pro se, or cause new counsel to file a notice of appearance on or before October 4, 2013 [DE-36]. The record reflects that this order was sent by mail to Plaintiff, but was returned as undeliverable [DE-37]. Plaintiff did not file a response by October 4, 2013, although the Clerk of Court did advise the court that Plaintiff called the Clerk's office on November 1, 2013, inquiring about the case. Plaintiff filed a Notice of Change of Address on December 23, 2013 [DE-38], which this court interprets as his notice of intention to proceed pro se.

When the court was drafting the instant order, the Greenville Defendants filed a "Death Notification" [DE-39], stating that Plaintiff was found dead by law enforcement on February 10, 2014.

## II. FACTUAL BACKGROUND

The facts alleged in the Amended Complaint, take in the light most favorable to Plaintiff, show the following.

Plaintiff alleges he was arrested on January 29, 2013 for the misdemeanor charge of

2

impersonating a police officer and placed under a $100,000 cash bond. Amend. Compl. [DE-15] ¶ 8. He asserts that his arrest was without probable cause, despite being made pursuant to a warrant. *Id.*; *see also* Defs. Exs. [DE-14-1] p. 3 (Warrant for Arrest 13CR050988). He subsequently was placed under a $100,000 cash bond, although no written findings were entered. *Id.* As a condition for getting his bond reduced, Plaintiff caused his ex-wife, on January 31, 2013, to voluntarily surrender to the Greenville Police Department certain guns and ammunition belonging to him. *Id.* ¶ 9. A trial was held on the charge of impersonating a police officer on March 7, 2013, at which time Plaintiff asserts the bond become void. *Id.* Plaintiff was found guilty of the offense. *See* Defs. Ex. [DE-14-1] p. 4. Plaintiff asked the Greenville City Attorney, the District Attorney, and Aden to return the guns and ammunition. *Id.* He contends that the City of Greenville refused to release the property to his then-attorney, who presented a valid power of attorney. *Id.*

Plaintiff further alleges that on March 5 and 6, 2013, search warrants were executed for his property. He alleges the search warrants "are devoid of probable cause" and "were improperly executed." *Id.* ¶ 10. He contends Defendant McKnight "obtained the search warrants and . . executed them." *Id.*

Plaintiff also alleges that he was arrested on March 5, 2013, by Defendant Grimsley for the felony charge of intimidating a witness, extortion and common law obstruction of justice. *Id.* ¶ 11. Plaintiff again alleges that he was arrested without probable cause, despite being arrested pursuant to a warrant. *See* Defs. Exs. [DE-14-1] pp. 5, 9. Plaintiff alleges he "was given no bond on one charge and $100,000 on another" with no written findings. *Id.*

A few days later, Plaintiff was arrested by Defendant McKnight for felony possession with intent to sell or distribute steroids, along with other crimes. *Id.* ¶ 12. Plaintiff alleges that "[t]he

3

'drugs' were never tested, had been seized pursuant to an illegal search warrant (that lacked probable cause) and the arrest was completely lacking in probable cause as well." *Id.* Again, the arrest was pursuant to a warrant. *See* Defs. Exs. [DE-14-1] p. 13. His bond was set at $100,000, and he again asserts that no written findings were made. *Id.*

On March 7, 2013, Defendant LeCompte arrested Plaintiff for 17 misdemeanors dating from April of 2012. *Id.* ¶ 14. Plaintiff alleges that LeCompte had previously "obtained and executed an invalid search warrant (lacking in probable cause because it says a person in camouflage committed the vandalism)." *Id.*[1] Plaintiff alleges that "LeCompte's personal distaste for [Plaintiff] is a direct factor in the excessive bonds as it was so stated in open court – at least twice." *Id.*

Plaintiff also alleges that Defendant McKnight informed the North Carolina Department of Revenue that Plaintiff had possessed illegal anabolic steroids, even though the substances were not tested. *Id.* ¶ 17. As a result of Defendant McKnight's report, the Department of Revenue taxed Plaintiff $5,700 for the alleged steroids. *Id.* ¶ 18. When Plaintiff failed to immediately pay, Defendant Fidler confiscated Plaintiff's truck and its contents. *Id.*

Plaintiff alleges that a second setting of a probable cause hearing for the steroids charge was held on April 18, 2013. He contends that the State "conceded that STILL no testing had been performed on the alleged steroids," and so the State moved to continue the probable cause hearing. When the motion to continue was denied, "the State DISMISSED all the charges related to the steroids BECAUSE they have NO EVIDENCE." *Id.* ¶ 21. Despite the dismissal of the charges, Defendant Fidler has refused to return Plaintiff's truck. *Id.* ¶ 22.

---

[1] There are no facts pleaded in the Amended Complaint which would suggest or explain why the detail about camouflage is pertinent.

4

Plaintiff alleges that the foregoing has violated "his constitutional rights under the Second, Eighth, Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure and arrest of his person and property and his right to bear arms and his right be free from excessive bail and his right to a hearing before the government takes his property." *Id.* ¶ 24(a).

### III. MOTION TO DISMISS STANDARD OF REVIEW

Rules 12(b)(4) and (5) allows a defendant to move to dismiss on the basis of insufficient process and insufficient service of process, respectively. A plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the sufficiency of the allegations in the complaint. A motion to dismiss under this rule determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating

5

whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Nor does the court accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

## IV. ANALYSIS

At the outset, the court notes that Plaintiff's filing of the Amended Complaint has rendered the Greenville's Defendants' Motion to Dismiss [DE-12] the Original Complaint moot. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("The general rule . . . is that an amended pleaded supersedes the original pleading, rendering the original pleading of no effect."); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). The motion [DE-12] accordingly is DENIED. The court is cognizant that the Greenville Defendants have expressly incorporated the arguments raised in their first motion to dismiss into the Motion to Dismiss Amended Complaint [DE-18]. The court will consider each challenge in turn, after examining the effect of the "death notification" filed by the Greenville Defendants.

### A. Plaintiff's Motion to Dismiss Claims against Agent Fidler

Plaintiff, while still being represented by counsel, filed a motion to dismiss his claims against Defendant Chris Fidler [DE-34], stating that "the parties have reached a settlement." Although Plaintiff cited no rule in support of his motion, it is well-settled that Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, with order of the court, to dismiss an action voluntarily.

6

Having considered Plaintiff's motion and the posture of this case, the court can discern no reason why the motion should not be allowed. *See Gross v. Spies*, 133 F.3d 914, 1998 WL 8006 (4th Cir. 1998) (setting forth factors a court should consider when ruling on a plaintiff's motion to voluntarily dismiss claims). Accordingly, Plaintiff's Motion to Dismiss [DE-34], and Plaintiff's claims against Defendant Chris Fidler are DISMISSED.

**B. The court has jurisdiction over Defendants City of Greenville, Greenville Police Chief Hassan Aden, Greenville Police Officer Matthew McKnight, and Greenville Police Officer Keri Grimsley**

One of the bases asserted in the original motion to dismiss, and apparently incorporated into the motion to dismiss the amended complaint, is that this action must be dismissed as to the above-referenced defendants for failure to obtain proper service. Specifically, Defendants the City of Greenville, Aden, McKnight and Grimsley all contend that Plaintiff's claims against them must be dismissed for insufficient process and insufficient service of process. Their briefing, however, addresses only the manner of service. *See* Mem. in Support of Mot. to Dismiss [DE-14] pp. 2-5. Where, as here, a "defendant is challenging not the form of the process, but rather the manner of service, the motion is properly construed as a motion for dismissal under Rule 12(b)(5)." *Davis v. Jobs & Adverts. Online, Gmbh*, 94 F. Supp.2d 719, 721 n.6 (E.D.Va. 2000).

Defendants Aden, McKnight and Grimsley, in the original Motion to Dismiss, all asserted that Plaintiff attempted to effect service on them by placing the summonses and complaints in regular mailing envelopes, and addressed to them individually with the identical address of P.O. Box 7207, Greenville, North Carolina. Defendant City of Greenville asserted that Plaintiff attempted to effect service by placing a copy of the complaint in a regular mailing envelope addressed to the City of Greenville City Manager, Barbara Lipscomb, at P.O. Box 7207, Greenville, North Carolina. Since

7

the filing of this motion, however, Plaintiff has filed proof of service as to each of these Defendants, indicating that Defendants Aden, McKnight and Grimsley were all personally served with a copy of the summons and complaint, and Barbara Lipscomb was personally served on behalf of the City of Greenville. *See* Proofs of Service [DE-23-26]. This service appears to be in accordance with the applicable Federal and North Carolina Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(2) (providing that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally"); 4(j)(2) (providing that a state, a municipal corporation or other state-created governmental organization may be served by following state law procedures); *see also* N.C. Gen. Stat. § 1A-1, Rule 4(j)(5) (providing that service may be had upon a city "by personally delivering a copy of the summons and of the complaint to its . . . city manager"). Accordingly, the Motion to Dismiss the Amended Complaint [DE-18] is DENIED it seeks the dismissal of Plaintiff's claims against Defendants the City of Greenville, Aden, McKnight and Grimsley on the basis of insufficient service of process or insufficient process.

## C.     Abatement of Claims

As the court has noted, the Greenville Defendants have filed a "Death Notification" [DE-39] stating that Plaintiff has died. With regard to the death of a party, Federal Rule of Civil Procedure 25 provides the following:

> (1) ***Substitution if the Claim is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> (2) ***Continuation Among the Remaining Parties.*** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor or against the remaining parties. The death should be noted on the record.

8

> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). The question arises, therefore, as to which of the claims survive Plaintiff's death.

Where, as here, a deceased plaintiff's claims are made pursuant to 42 U.S.C. § 1983, the survival of the claims is governed by 42 U.S.C. § 1988. *See Robertson v. Wegmann*, 436 U.S. 584, 588-89 (1978). That statute provides that the applicable law is that of the forum state, so long as that law is "not inconsistent with the Constitution and law of the United States." 42 U.S.C. § 1988(a); *see also Robertson*, 436 U.S. at 589-90; *Brown v. Town of Cary*, 706 F.3d 294, 299 (4th Cir. 2013). Accordingly, whether any of Plaintiff's claims survive his death is determined by North Carolina law, and more specifically, the North Carolina survival statute, N.C. Gen. Stat. § 28A-18-1. *See Brown v. Town of Cary*, 706 F.3d 294, 299 ("[W]e consult the law of the forum state–the North Carolina survival statute–to determine whether the claim survives.").

> N.C. Gen. Statute § 28A-18-1 provides as follows:
>
> (a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate.
> (b) The following rights of action in favor of the decedent do not survive:
>     (1) Causes of action for libel or slander, except slander of title;
>     (2) Causes of action for false imprisonment;
>     (3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

*Id.* Accordingly, by its plain terms, North Carolina's survival statute allows survival of all but a specified set of claims. *See Brown*, 706 F.3d at 299.

9

In this case, Plaintiff has asserted claims under § 1983 for the alleged violation of "his constitutional rights under the Second, Eighth, Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure and arrest of his person and property and his right to bear arms and his right to be free from excessive bail and his right to a hearing before the government takes his property." Amend. Compl. [DE- 15] ¶ 24(a). Although false arrest is considered to be false imprisonment under North Carolina law, *see Fowler v. Valencourt*, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993), Plaintiff's claims, to the extent they arise out of his arrests pursuant to warrants, are more akin to malicious prosecution. *See Brooks v. City of Winston-Salem,* 85 F.3d 178, 182 (4th Cir. 1996) ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common law tort of malicious prosecution."). The remainder of Plaintiff's claims also do not appear to fall within the class of claims abated pursuant to the terms of the survival statute.

## D.  Consideration of the Remainder of the Greenville Defendants' Arguments

The Greenville Defendants have raised a number of other challenges to the claims asserted in the Amended Complaint. The court finds it to be the interest of judicial efficiency, however, to rule on those remaining challenges after determining whether Plaintiff's representative will move to be substituted as provided in Rule 25.

The court notes that Rule 25 provides that an action by the decedent must be dismissed if a motion for substitution is not made within 90 days after service of a statement noting the death. *See* Fed. R. Civ. P. 25(a)(1). Although the Greenville Defendants have filed a "Death Notification" [DE-39] on the record, there is no indication that they have served the notification on the appropriate

10

nonparties so as to start the running of the 90-day period. *See* Fed. R. Civ. P. 25(a)(3) (providing that a statement noting the death of a party must be served on nonparties as provided in Federal Rule of Civil Procedure 4); *see also Farriss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985) (explaining that the suggestion of death must be served upon non-parties, and in particular, the decedent's personal representatives pursuant Rule 4). Accordingly, this action is held in abeyance pending the Greenville Defendants' filing of a notice showing they have served Plaintiff's personal representative pursuant to Rule 4. The Clerk of Court is DIRECTED to resubmit this case to the undersigned 90 days after the Greenville Defendants' filing of the notice, or within 150 days, whichever is earlier.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Original Complaint [DE-12] is DENIED as moot, the Motion to Dismiss the Amended Complaint is [DE-18] is DENIED in part, and the Motion to Dismiss the claims against Chris Fidler [DE-34] is ALLOWED. The court reserves ruling on the remainder of the issues presented by the Motion to Dismiss the Amended Complaint, and orders that this action be held in abeyance pending the Defendants' filing of a notice showing that they have served Plaintiff's personal representative pursuant to Rule 4. The Clerk of Court is DIRECTED to resubmit this case to the undersigned 90 days after the Defendants' filing of the notice, or within 150 days, whichever is earlier.

SO ORDERED.

This the 14 day of March, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge